**EXHIBIT 3**

**EXHIBIT 3**

---------- Original Message ----------
From: Brad Greenspan <bgreenspan@tiktokglobalnetwork.com>
To: "cfius@treasury.gov" <cfius@treasury.gov>
Cc: "cfius.cms@treasury.gov" <cfius.cms@treasury.gov>, "globalmedia@bytedance.com" <globalmedia@bytedance.com>, "liuyi.23@bytedance.com" <liuyi.23@bytedance.com>
Date: 09/14/2020 5:07 AM
Subject: Review of "proposed sale" agreement under Sec 2d(ii)

ATTN: CFIUS
Cc: Mr. Yiming Zhang, CEO ByteDance Ltd (forwarded by way of Ms. Liu)
cc:

Under Sec. 2.(d)(ii), In regards to the U.S. Presidential E.O. Issued on: August 14, 2020 Under section 721 of the Defense Production Act of 1950, as amended (section 721), 50 U.S.C. 4565 Order Regarding the Acquisition of Musical.ly by ByteDance Ltd

Please note attached agreement has just been delivered to Seller in Beijing today about 2 hours ago. Further, the U.S. team working for the Seller that may have already reached out to CFIUS earlier Sunday have likely not become aware or had an opportunity to review the Seller's divestment offer.

Also note, Section 5.2 as until section 2(d)(i) CFIUS non-objection period ends, Seller may not be able to fully consider the Seller's asset acquisition agreement and offer as a viable or possible available way to comply with the U.S. Presidential E.O. Issued on: August 14, 2020. Therefore, CFIUS should consider the merits of reviewing the agreement under Sec 2.(d)(ii), and informing Seller
as soon as possible if the "proposed sale" as structured "effectuates to CFIUS's satisfaction" "a complete divestment of all tangible or intangible assets or property, wherever located, used to enable or support the operation of the TikTok application in the United Sates", or what modifications would be needed to comply under section 2(d)(ii).


5.2 Authorization of Agreement; Authority. Binding Effect; Assignment. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns. Except as expressly set forth herein, nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any person or entity not a party to this Agreement. No assignment of this Agreement or of any rights or obligation hereunder may be made by either party (by operation of law or otherwise) without the prior written consent of the other and any attempted assignment without the required consent shall be void; The execution, delivery and performance of this Agreement by Seller has been duly authorized by all necessary corporate action of Seller, and this Agreement constitutes the valid and binding obligation of Seller, enforceable in accordance with its terms, except, unless and until to the extent under Sec. 2.(d)(ii), Seller confirms CFIUS has not "issued an objection to" Seller before 10 business days have passed from the notification in section 2(d)(i) which such date was on or about September 9, 2020 (see Exhibit 5.2).

September 14, 2020

Under Sec. 2.(d)(i), In regards to the U.S. Presidential E.O. Issued on: August 14, 2020
Under section 721 of the Defense Production Act of 1950, as amended (section 721), 50 U.S.C. 4565 Order Regarding the Acquisition of Musical.ly by ByteDance Ltd

Following up regarding September 9, 2020 notice[1]

Which promised per Sec.2 ( e ) to "provide specific details of the TikTok Global Network Inc. transaction if still applicable under"

 Seller and Buyer are providing proposed sale details[7] to confirm and allow for objections per Sec 2d(ii) to be raised regarding if the sale effectuates, to CFIUS's satisfaction and in its discretion, a complete divestment of all tangible or intangible assets or property, wherever located, used to enable or support the operation of the TikTok application in the United States.   In fact, the attached asset acquisition agreement is signed already by Buyer and fully executable therefore, Seller has as of today a bona fide transaction which becomes binding on both parties and  provides for "complete divestment", subject only to review and approval by CFIUS.

Seller and Buyer have the ability per their agreement structure to modify the arrangement's inclusion or exclusion of "tangible or intangible assets or property" (please see Exhibit 1.1 of such asset acquisition agreement) prior to the closing of the agreement and will consider and attempt to modify the agreement to allow for any CFIUS recommendations or to be responsive to any objections.

Parties will wait to confirm there is No CFIUS objection under 2(ii) and asks CFIUS to consider and also provide objections prior to September 20, 2020 if per Section 2(ii) the agreement's divestment fails to "effectuate" any elements or covenants necessary, and if objections exist, to please provide details of the specific issues so that Seller and Buyer have the opportunity to take corrective action and revise the agreement to conform and meet CFIUS requirements for a structure that does "effectuate" the divestment properly.

Regards

Brad Greenspan

President/CEO, TikTok GlobalNetwork Inc

244 Fifth Avenue, Suite #g290, New York, NY 10001

---

[1] ---------- Original Message ----------
From: Brad Greenspan <bgreenspan@tiktokglobalnetwork.com>
To: "cfius@treasury.gov" <cfius@treasury.gov>, "cfius.cms@treasury.gov" <cfius.cms@treasury.gov>
Cc: "globalmedia@bytedance.com" <globalmedia@bytedance.com>, "yiming.zhang@bytedance.com" <yiming.zhang@bytedance.com>
Date: 09/09/2020 2:29 PM
Subject: Sec. 2.(d)(i) notification ATTN: CFIUS
Cc: Mr. Yiming Zhang, CEO ByteDance Ltd