# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:25-cv-23147-AHS

TIKTOK GLOBAL LLC,

      Plaintiff,

vs.

BYTEDANCE LTD., BEIJING
TELECOMMUNICATIONS CO. LTD.,
TIKTOK INC. and YIMING ZHANG,

      Defendants.

_____/

## DEFENDANTS BYTEDANCE LTD. AND TIKTOK INC.'S
## MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

I.      The Court Lacks Subject Matter Jurisdiction. .................................................... 4

        A.      Plaintiff lacks standing. ............................................................................ 4

        B.      Count Five fails to present a justiciable controversy. ............................. 6

II.     Plaintiff Fails to State a Claim. ........................................................................... 6

        A.      Plaintiff's antitrust claim fails. ................................................................ 7

        B.      Plaintiff's tortious interference claim fails. ............................................. 8

        C.      Plaintiff's unjust enrichment claim fails. ............................................... 10

        D.      Plaintiff's consumer protection claims fail. ........................................... 11

        E.      Plaintiff's RICO claims fail. .................................................................. 12

        F.      Plaintiff's request for declaratory relief fails. ....................................... 16

III.    Plaintiff's Claims Are Time-Barred. ................................................................ 18

IV.     Plaintiff's Complaint Should Be Dismissed With Prejudice. ........................... 20

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*,
416 F.3d 1242 (11th Cir. 2005) ...................................................................11

*All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*,
135 F.3d 740 (11th Cir. 1998) ....................................................................13

*Am Dental Ass'n v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) ..................................................................14

*Andrew Greenberg, Inc. v. Svane, Inc.*,
36 A.D.3d 1094 (N.Y. 2007) .......................................................................19

*Arthur v. JP Morgan Chase Bank, NA*,
569 F. App'x 669 (11th Cir. 2014) ..............................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .........................................................................6, 14, 15

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*,
68 F.3d 409 (11th Cir. 1995) ........................................................................4

*Atlantic Richfield Co. v. USA Petroleum Co.*,
495 U.S. 328 (1990) .......................................................................................7

*Berber v. Wells Fargo Bank, N.A.*,
2018 WL 10436236 (S.D. Fla. May 24, 2018) ............................................13

*Blessinger v. Aecom*,
526 F. Supp. 3d 1319 (S.D. Fla. 2021) .......................................................18

*Bochese v. Town of Ponce Inlet*,
405 F.3d 964 (11th Cir. 2005) ......................................................................4

*Boon Rawd Trading Int'l Co., v. Paleewong Trading Co.*,
688 F. Supp. 2d 940 (N.D. Cal. 2010) ........................................................19

*Brooks v. Blue Cross & Blue Shield of Fla.*,
116 F.3d 1364 (11th Cir. 1997) ..................................................................18

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
429 U.S. 477 (1977) .......................................................................................7

*Buckley v. Moore*,
2021 WL 3173185 (S.D. Fla. July 26, 2021) ........................................................................12

*BWG Design Ltd., Inc. v. Serv. Am. Corp.*,
2010 WL 5014289 (S.D. Fla. Dec. 3, 2010) ...........................................................................9

*Cisneros v. Petland, Inc.*,
972 F.3d 1204 (11th Cir. 2020) ...............................................................................13, 14

*City of L.A. v. Bank of Am.*,
2015 WL 4880511 (C.D. Cal. May 11, 2015) .......................................................................19

*Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*,
752 F. Supp. 2d 1271 (S.D. Fla. 2010) ...................................................................................9

*Comercial Ltda v. BPI Sports, LLC*,
2016 WL 9375202 (S.D. Fla. Aug. 11, 2016) .......................................................................12

*Crockett v. C.A.G. Invs., Inc.*,
361 S.W.3d 262 (Ark. 2010) .................................................................................................9

*Crown Imports, LLC v. Sup. Ct.*,
168 Cal. Rptr. 3d 228 (Cal. Ct. App. 2014) ...........................................................................9

*Davis v. BAC Home Loans Servicing, L.P.*,
2022 WL 4535623 (D. Del. Sept. 28, 2022) ........................................................................19

*Davis v. Chapon*,
2015 WL 10791962 (M.D. Fla. Aug. 11, 2025) ....................................................................10

*Davis v. Great N. Ins. Co.*,
650 F. Supp. 3d 1332 (S.D. Fla. 2023) ...................................................................................9

*Deutsch v. Cook*,
2021 WL 5771667 (E.D. Cal. Dec. 6, 2021) ........................................................................19

*DJ Lincoln Ents., Inc. v. Google, LLC*,
2021 WL 3079855 (S.D. Fla. July 21, 2021) ........................................................................13

*Drummond v. Zimmerman*,
454 F. Supp. 3d 1210 (S.D. Fla. 2020) .................................................................................14

*Durr v. Strickland*,
602 F.3d 788 (6th Cir. 2010) ...............................................................................................17

*Effs v. Sony Pictures Home Ent., Inc.*,
197 So.3d 1243 (Fla. Dist. Ct. App. 2016) ...........................................................................19

*Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*,
    673 F. App'x 925 (11th Cir. 2016) .......................................................................20

*Energy Transp. Grp., Inc. v. Maritime Admin.*,
    956 F.2d 1206 (D.C. Cir. 1992) ...........................................................................5

*Enzo Biochem, Inc. v. Amersham PLC*,
    981 F. Supp. 2d 217 (S.D.N.Y. 2013) .................................................................19

*Expert Masonry, Inc. v. Boone Cnty., Ky., Fiscal Ct.*,
    440 F.3d 336 (6th Cir. 2006) ...............................................................................7

*Fla. Wildlife Fed., Inc. v. S. Fla. Water Mgmt. Dist.*,
    647 F.3d 1296 (11th Cir. 2011) ...........................................................................4

*Flatirons Bank v. Alan W. Steinberg Ltd. P'ship*,
    233 So.3d 1207 (Fla. Dist. Ct. App. 2017) .........................................................19

*In re Fundamental Long Term Care, Inc.*,
    873 F.3d 1325 (11th Cir. 2017) .........................................................................20

*Goel v. Ramachandran*,
    111 A.D.3d 783 (N.Y. App. Div. 2013) ...............................................................10

*Golden v. Mercury Auto Transp., LLC*,
    2024 WL 821361 (S.D. Fla. Jan. 30, 2024) .......................................................12

*Greenspan v. IAC/InterActiveCorp*,
    2016 WL 5724972 (N.D. Cal. Sept. 30, 2016) .....................................................2

*Greenspan v. News Corp.*,
    2016 WL 74921 (Del. Ch. Jan. 6, 2016) ...............................................................2

*Gunn v. Farmers Ins. Exch.*,
    372 S.W.3d 346 (Ark. 2010) ...............................................................................19

*H.J. Inc. v. Northwestern Bell Tel. Co.*,
    492 U.S. 229 (1989) ............................................................................................14

*Hampton v. Wells Fargo Bank, N.A.*,
    2022 WL 798120 (E.D. Ark. Mar. 15, 2022) .......................................................19

*Harris v. Procter & Gamble Cellulose Co.*,
    73 F.3d 321 (11th Cir. 1996) ...............................................................................6

*Hatchell v. Wren*,
    211 S.W.3d 516 (Ark. 2005) ...............................................................................10

*Hendrix v. Poonai*,
   662 F.2d 719 (11th Cir. 1981) ........................................................................6

*Hogan v. Georgia*,
   812 F. App'x 975 (11th Cir. 2020) ...............................................................20

*Jacobs v. Tempur-Pedic Int'l, Inc.*,
   626 F.3d 1327 (11th Cir. 2010) ...................................................................6, 8

*In re Jan. 2021 Short Squeeze Trading Litig.*,
   105 F.4th 1346 (11th Cir. 2024) ..................................................................7, 8

*Kalmanovitz v. G. Heileman Brewing Co.*,
   769 F.2d 152 (3d. Cir. 1985)..........................................................................7

*Keller v. FCOA, LLC*,
   2016 WL 110590 (W.D. Ark. Jan. 8, 2016) .................................................19

*Klayman v. Clinton*,
   2015 WL 10857500 (S.D. Fla. Aug. 11, 2015)..............................................16

*L.I. Head Start Child Dev. Servs. v. Econ Opp'y Comm'n of Nassau Cnty*,
   558 F. Supp. 2d 378 (E.D.N.Y. 2008) ..........................................................19

*LiveVideo.AI Corp. v. Redstone*,
   2025 WL 641465 (S.D.N.Y. Feb. 27, 2025)....................................................2

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)........................................................................................4

*MAC East, LLC v. Shoney's*,
   535 F.3d 1293 (11th Cir. 2008) ...................................................................10

*Maiz v. Virani*,
   253 F.3d 641 (11th Cir. 2001) .....................................................................20

*Malowney v. Fed. Collection Dep. Grp.*,
   193 F.3d 1342 (11th Cir. 1999) .....................................................................6

*Malpiede v. Townson*,
   780 A.2d 1075 (Del. 2001) .............................................................................9

*Matana v. Merkin*,
   957 F. Supp. 2d 473 (S.D.N.Y. 2013)...........................................................19

*Miller v. Donald*,
   541 F.3d 1091 (11th Cir. 2008) .................................................................4, 15

*MirTech Inc. v. AgroFresh Inc.*,
    561 F. Supp. 3d 447 (D. Del. 2021) ......................................................................19

*Mitsui O.S.K. Lines, Ltd. v. Dynasea Corp.*,
    85 Cal. Rptr. 2d 1 (Cal. Ct. App. 1999) ...............................................................11

*Morton's Market, Inc. v. Gustafson's Dairy, Inc.*,
    198 F.3d 823 (11th Cir. 1999) ..............................................................................18

*Mtn Home Flight Serv., Inc. v. Baxter Cnty*,
    2012 WL 2339722 (W.D. Ark. June 19, 2012) .....................................................19

*MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*,
    2009 WL 701003 (S.D. Fla. Mar., 16, 2009) ........................................................18

*Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army Corps of Eng.*,
    574 F. Supp. 2d 1314 (S.D. Fla. 2008) ...................................................................6

*Nemec v. Shrader*,
    991 A.2d 1120 (Del. 2010) ....................................................................................10

*Newer v. FCA US LLC*,
    552 F. Supp. 3d 1344 (S.D. Fla. 2021) .................................................................18

*Ohio v. Am. Express Co.*,
    585 U.S. 529 (2018) ............................................................................................7, 8

*Optronic Techs. v. Celestron Acquisition, LLC*,
    329 Cal. Rptr. 3d 714 (Cal. Ct. App. 2025) ..........................................................19

*Pace Indus., Inc. v. Three Phoenix Co.*,
    813 F.2d 234 (9th Cir. 1987) ................................................................................18

*Padilla v. Porsche Cars N. Am., Inc.*,
    391 F. Supp. 3d 1108 (S.D. Fla. 2019) ...........................................................17, 18

*Peterson v. Cellco P'ship*,
    80 Cal. Rptr. 3d 316 (Cal. Ct. App. 2008) ............................................................10

*Progressive Sterilization, LLC v. Turbett Surg. LLC*,
    2020 WL 1849709 (D. Del. Apr. 13, 2020) ..........................................................19

*Ray v. Spirit Airlines, Inc.*,
    836 F.3d 1340 (11th Cir. 2016) ............................................................................16

*Shekerdemian v. Silverback United Inc.*,
    2024 WL 3312036 (S.D. Fla. June 5, 2024) ..........................................................10

*SmithKline Beecham v. Merck & Co.*,
   766 A.2d 442 (Del. 2000) ............................................................................19

*Spadaro v. City of Miramar*,
   2013 WL 495780 (S.D. Fla. Feb. 7, 2013) ................................................18

*Starks v. Chuhak & Tecson, P.C.*,
   2019 WL 10060338 (S.D. Fla. Mar. 5, 2019).............................................16

*State Farm Mut. Auto. Ins. Co. v. Performance Ortho. & Neurosurgery, LLC*,
   315 F. Supp. 3d 1291 (S.D. Fla. 2018) .......................................................11

*Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*,
   581 F. Supp. 2d 1215 (S.D. Fla. 2008) .......................................................19

*In re Takata Airbag Prod. Liab. Litig.*,
   255 F. Supp. 3d 1241 (S.D. Fla. 2017) .................................................10, 11

*In re Takata Airbag Prods. Liab. Litig.*,
   524 F. Supp. 3d 1266 (S.D. Fla. 2021) .......................................................12

*TikTok Inc. v. CFIUS*,
   No. 20-1444 (D.C. Cir. Nov. 10, 2020) ........................................................5

*TikTok Inc. v. Trump*,
   490 F. Supp. 3d 73 (D.D.C. 2020) ................................................................2

*Tymar Dist. LLC v. Mitchell Grp. USA, LLC*,
   558 F. Supp. 3d 1275 (S.D. Fla. 2021) .......................................................12

*Ubuy Holdings, Inc. v. Gladstone*,
   340 F. Supp. 2d 1343 (S.D. Fla. 2004) .......................................................14

*United States v. Topco Assocs., Inc.*,
   405 U.S. 596 (1972).......................................................................................8

*Wardak v. Goolden*,
   2020 WL 9718811 (S.D. Fla. May 22, 2020) ......................................14, 15

*Zarfati v. Artsana USA, Inc.*,
   2025 WL 373081 (S.D. Fla. Jan. 15, 2025) ...............................................12

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
   401 U.S. 321 (1971).....................................................................................18

*Zetes v. Stephens*,
   108 A.D.3d 1014 (N.Y. App. Div. 2013) ......................................................9

**Statutes**

15 U.S.C. § 1 ..................................................................................................................7

18 U.S.C. § 1831 ...........................................................................................................15

18 U.S.C. § 1839 ...........................................................................................................15

18 U.S.C. § 1961 *et seq.* ........................................................................................12, 14

Fla. Stat. § 501.204 *et seq.* ....................................................................................11, 12

Fla. Stat. § 817.02 ........................................................................................................15

Fla. Stat. § 895.02 ........................................................................................................14

Pub. L. 118–50, div. H, 138 Stat. 955 ..............................................................6, 16, 17

**Other Authorities**

31 C.F.R. § 800.207 ........................................................................................................5

31 C.F.R. § 800.401 *et seq.* ...........................................................................................5

31 C.F.R. § 800.501 *et seq.* ...........................................................................................5

85 Fed. Reg. 48,637 (Aug. et 11, 2020) ..........................................................................2

85 Fed. Reg. 51,297 (Aug. 19, 2020)..................................................................2, 5, 9, 17

90 Fed. Reg. 26,913 (June 24, 2025) .............................................................................17

# INTRODUCTION[1]

Plaintiff alleges that its principal, Brad Greenspan, submitted an unsolicited offer in 2020 to buy TikTok's U.S. operations from Defendants, which declined the offer. Despite its name, Plaintiff "TikTok Global LLC" has no affiliation with Defendants. In its Complaint—nearly identical to the one it voluntarily dismissed two months ago—Plaintiff asserts absurd allegations based on flawed legal theories. As Defendants have now explained in two unanswered motions to dismiss, Plaintiff's allegations fail at every level.

*First*, Plaintiff lacks Article III standing. Defendants did not cause Plaintiff to suffer any redressable injury by allegedly rejecting Greenspan's unsolicited offer to buy TikTok's U.S. operations in 2020.

*Second*, even if Plaintiff had standing (it does not), the Complaint fails to state a claim. Plaintiff's antitrust claim alleges no harm to competition. Plaintiff's tortious interference claim alleges no cognizable interference. Plaintiff's unjust enrichment claim alleges no benefit conferred. Plaintiff's state statutory claims have no nexus to Florida. Plaintiff's RICO claims allege no pattern of predicate criminal activity. And Plaintiff's request for declaratory relief is not based on an underlying cause of action.

*Third,* even if any of Plaintiff's claims were cognizable (they are not), the four-year (at most) statute of limitations applicable to all but the deficient Florida RICO claim bars this suit. Plaintiff's claims on their face would have accrued in 2020, but Plaintiff filed this suit in 2025.

*Finally*, dismissal should be with prejudice. Plaintiff's principal is a vexatious litigant who has already had three pleading opportunities.

---

[1] This motion is brought by ByteDance Ltd. and TikTok Inc. ("Defendants"). Yiming Zhang has not been served. To the undersigned's knowledge, "Beijing Telecommunications Co. Ltd." does not exist (and has not ever existed).

## BACKGROUND

TikTok is an online platform provided in the United States by TikTok Inc., a California company. (Compl. ¶ 15).[2] TikTok Inc.'s ultimate parent is ByteDance Ltd. ("ByteDance") (*id.* ¶ 7), a Cayman Islands holding company. In 2020, Yiming Zhang was ByteDance's CEO. (*Id.*).

On August 14, 2020, President Trump issued an order that purported to require ByteDance to divest from its TikTok U.S. business within 90 days. (*Id.* ¶ 22); *see also* 85 Fed. Reg. 51,297 (Aug. 19, 2020) ("Order" or "Aug. 14, 2020 Order").[3] Plaintiff alleges that its principal, Brad Greenspan, hoped to acquire TikTok's U.S. operations from ByteDance. (Compl. ¶¶ 31, 41).[4] Plaintiff alleges that, in the Fall of 2020, Greenspan began sending emails and LinkedIn messages to ByteDance executives with whom he had no prior relationship, "declaring [his] intent to acquire TikTok U.S." (*Id.* ¶ 33; *id.* Ex. 2, at 4).

Apparently referring to the incorporation of Plaintiff's predecessor, Arkansas-based TikTok Global Network Inc. (also unrelated to Defendants), Plaintiff alleges that, on September 6, 2020, "TikTok Global" was "born." (*Id.* ¶¶ 14, 31). Three days later, Plaintiff's predecessor allegedly submitted a "notice" to the Committee on Foreign Investment in the United States

---

[2] This motion to dismiss assumes that the non-conclusory factual allegations in the Complaint are true. For avoidance of doubt, Defendants do not concede the accuracy of any factual allegation.

[3] President Trump issued another order targeting ByteDance on August 6, 2020, purporting to ban transactions with ByteDance and its subsidiaries in the U.S. under the International Emergency Economic Powers Act. (Compl. ¶ 21); *see also* 85 Fed. Reg. 48,637 (Aug. 11, 2020). That order was enjoined following lawsuits brought by ByteDance, TikTok Inc., and others. *See, e.g.*, *TikTok Inc. v. Trump*, 490 F. Supp. 3d 73, 86 (D.D.C. 2020).

[4] Greenspan is a serial plaintiff who has been declared a vexatious litigant. *See Greenspan v. IAC/InterActiveCorp*, 2016 WL 5724972, at *3 (N.D. Cal. Sept. 30, 2016). He has filed numerous lawsuits alleging conspiracies stemming from corporate transactions. *See, e.g.*, *LiveVideo.AI Corp. v. Redstone*, 2025 WL 641465, at *1 (S.D.N.Y. Feb. 27, 2025); *IAC/InterActiveCorp*, 2016 WL 5724972, at *1; *Greenspan v. News Corp.*, 2016 WL 74921, at *1 (Del. Ch. Jan. 6, 2016). Plaintiff "TikTok Global LLC" appears to have been created on March 25, 2025, nine days before Plaintiff's first suit. *See* Fla. Dep't of State Div. of Corps., https://perma.cc/D94W-XHPW.

("CFIUS"), attempting to "stak[e] its claim to TikTok's U.S. operations." (*Id.* ¶ 38). Nothing in the Aug. 14, 2020 Order nor any CFIUS regulation contemplated a purported "notice" of this kind.

Plaintiff alleges that, on the morning of September 14, 2020, Treasury Secretary Mnuchin appeared on the television network CNBC to unveil "his own version of 'TikTok Global'" with Oracle Corporation ("Oracle") as the "'trusted technology partner' for TikTok's U.S. operations." (*Id.* ¶¶ 92–93). Plaintiff alleges that "ByteDance publicly endorsed Mnuchin's 'TikTok Global' venture" through a blog post on its website on September 20, 2020. (*Id.* ¶ 117).

On September 24, 2020, Plaintiff claims that its predecessor submitted an updated bid, which ByteDance and its CEO allegedly refused to accept. (*Id.* ¶¶ 130, 135). Plaintiff claims that, as a result, it has endured "crushing lost profits and priceless business opportunities that would have flowed naturally from a successful acquisition of TikTok's U.S. operations." (*Id.* ¶ 142).

Plaintiff first sued on April 3, 2025. *See TikTok Global LLC v. ByteDance*, No. 0:25-cv-60645-AHS, D.E. 1 (Apr. 3, 2025). Defendants moved to dismiss, arguing lack of standing, that Plaintiff failed to state a claim, and that Plaintiff's claims were time barred. *See id.* D.E. 10 (Apr. 25, 2025). Plaintiff responded by amending its complaint. *See id.* D.E. 25 (May 19, 2025). Instead of curing any of the complaint's deficiencies, however, Plaintiff asserted four additional frivolous claims. *Id.* Defendants again moved to dismiss. *See id.* D.E. 28 (June 2, 2025). The day that Plaintiff's opposition was due, it voluntarily dismissed. *See id.* D.E. 29 (June 16, 2025).

Plaintiff has now re-filed, asserting the same baseless and time-barred claims, and adding an entirely duplicative and equally baseless claim under Florida RICO.

## ARGUMENT

Plaintiff's claims fail for multiple reasons: (1) under Rule 12(b)(1) for lack of standing and, as to Count Five, a justiciable controversy; (2) under Rule 12(b)(6) for failure to state a claim; and (3) under Rule 12(b)(6) due to the expiration of the statute of limitations.

## I.      The Court Lacks Subject Matter Jurisdiction.

A federal court "cannot exercise jurisdiction over cases where the parties lack standing,"
*Fla. Wildlife Fed., Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011), or over
a claim that does not present a justiciable controversy, *Atlanta Gas Light Co. v. Aetna Cas. & Sur.
Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

### A.      Plaintiff lacks standing.

To have standing, a plaintiff must demonstrate: (1) a concrete and particularized injury in
fact, either actual or imminent, (2) a causal connection between the injury and the defendant's
challenged conduct, and (3) a likelihood that the injury suffered will be redressed by a favorable
decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff's alleged injuries—its
purported lost profits and missed business opportunities from not acquiring TikTok's U.S.
operations from ByteDance (Compl. ¶¶ 149, 182, 194, 209, 223, 237)—do not confer standing.

*First*, Plaintiff's alleged injuries "amount[] to no more than conjecture." *Bochese v. Town
of Ponce Inlet*, 405 F.3d 964, 984 (11th Cir. 2005). Even assuming that Plaintiff's predecessor had
the financial means to effectuate its "offer," it is implausible that ByteDance would have sold
TikTok's U.S. operations based on a handful of "email and LinkedIn" messages to generic
addresses allegedly associated with the company (Compl. ¶ 33; *id.* Exs. 2, 3), from someone who
had already been declared a vexatious litigant by a federal court, *see* n.4, *supra*, with no prior
relationship with Defendants (Compl. Ex. 2, at 4). "[W]ildly implausible allegations in the
complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

*Second*, even if Greenspan's purported offer represented a plausible bid to acquire a
company valued at the time at more than $50 billion (Compl. Ex. 5, at 20), Plaintiff's
communications did not trigger the legal consequences that it imagines (*id.* ¶ 204), let alone give
rise to a "legally protected interest" sufficient to confer standing, *see Lujan*, 504 U.S. at 560.

—4—

The Aug. 14, 2020 Order did not give Plaintiff any legal right. The Order required ByteDance to divest its U.S. TikTok assets and directed *ByteDance*—and *only* ByteDance—to notify CFIUS of the intended buyer before a divestiture could be completed. *See* 85 Fed. Reg. 51,297, Sec. 2(d)(i). It did not create any process for other parties to submit bids to CFIUS. CFIUS's notice regulations, moreover, include specific procedural and substantive requirements, *see* 31 C.F.R. §§ 800.401–04, 800.501–02, with which Plaintiff's purported "notice" did not comply (Compl. ¶ 38–39). The Complaint's demonstrably incorrect allegation about a purported "concurrent review" provision in an inapposite CFIUS regulation that does not contain the words quoted, 31 C.F.R. § 800.207, is also irrelevant. (Compl. ¶ 127).

*Third*, even if Plaintiff *did* have some sort of legal interest traceable to its CFIUS "notice," shortly after Greenspan allegedly submitted it, Defendants challenged the divestment Order in court, which led to the Order not being enforced.[5] The upshot is that, despite the issuance of the Order, ByteDance was not forced to sell TikTok's U.S. assets in the fall of 2020, and no CFIUS-mandated divestment ever occurred. It is implausible that ByteDance would have entertained an offer from Plaintiff under "fire sale" conditions created by the Order; it is even more fanciful that ByteDance would have sold to Plaintiff under normal conditions. *See Energy Transp. Grp., Inc. v. Maritime Admin.*, 956 F.2d 1206, 1211 (D.C. Cir. 1992) ("There could be no real injury—certainly no injury 'fairly traceable' to the allegedly illegal act—unless the plaintiff would have had some chance of prevailing in a bidding free of the alleged illegalities.").[6]

---

[5] *See* Pet. for Review, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Nov. 10, 2020) (challenging the legality of the Order); Order, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Feb. 19, 2021) (ordering that the case be held in abeyance); Status Report, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. June 16, 2025) (abeyance continues to be appropriate).

[6] Plaintiff complains that "misappropriation of its corporate identity and branding" prevented it from raising money. (Compl. ¶¶ 73, 149, 173–75). But it is implausible that the bid had any chance of success, no matter whether any "misappropriation" of *Plaintiff's* "brand" occurred (it did not).

—5—

### B. Count Five fails to present a justiciable controversy.

The Court lacks subject matter jurisdiction over Plaintiff's request for declaratory relief (Count Five) for the additional reason that the request does not present a justiciable controversy. *See Malowney v. Fed. Collection Dep. Grp.*, 193 F.3d 1342, 1348 (11th Cir. 1999). Count Five asks the Court to determine the legal significance of Plaintiff's purported offers, including whether ByteDance has an obligation to divest from its U.S. operations under the Protecting Americans from Foreign Adversary Controlled Applications Act ("PAFACA") and the Aug. 14, 2020 Order. (Compl. ¶ 234). But Plaintiff expressly withdrew its purported offers, rendering their legal significance moot. *See TikTok Global LLC v. ByteDance*, No. 0:25-cv-60645-AHS, D.E. 25 ¶ 136 (May 19, 2025) ("Plaintiff and its predecessor through filing this complaint further rescinds the CFIUS submitted acquisition agreements it executed and terminates these agreements for non-performance … ."); *Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army Corps of Eng.*, 574 F. Supp. 2d 1314, 1320 (S.D. Fla. 2008) (expiration of permit renders claims based on permit moot). And there is no jurisdiction for Plaintiff's "abstract question" about Defendants' compliance with federal law. *See Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981).

## II. Plaintiff Fails to State a Claim.

A Rule 12(b)(6) motion tests the sufficiency of the pleadings. *See Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). "Plausibility is the key, as the well-pled allegations must nudge the claim across the line from conceivable to plausible." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As detailed below, Plaintiff fails to state a plausible claim.

A.      **Plaintiff's antitrust claim fails.**

Count One asserts a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, which requires Plaintiff to "show that defendants had a (1) conspiracy that (2) unreasonably restrained trade." *In re Jan. 2021 Short Squeeze Trading Litig.*, 105 F.4th 1346, 1354 (11th Cir. 2024). This claim fails for multiple reasons.

*First*, the "antitrust laws … were enacted for the protection of competition not competitors." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977) (quotations omitted). To bring an antitrust action, a plaintiff must have suffered an "antitrust injury," which is an injury "attributable to an anti-competitive aspect of the practice under scrutiny." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990). Plaintiff does not plausibly allege that its injury—lost profits from not acquiring TikTok's U.S. operations—stems from a reduction in competition. *See Expert Masonry, Inc. v. Boone Cnty., Ky., Fiscal Ct.*, 440 F.3d 336, 348 (6th Cir. 2006) (no antitrust injury suffered by "dejected buyers or sellers who simply allege that one buyer and one seller colluded to reach a deal").

*Second*, the Complaint does not plausibly allege a restraint on "trade," a term used in the Sherman Act to mean the "commercial competition in the marketing of goods or services." *Kalmanovitz v. G. Heileman Brewing Co.*, 769 F.2d 152, 156 (3d. Cir. 1985) (quoting *Apex Hosiery Co. v. Leader*, 310 U.S. 469, 495 (1940)). Plaintiff's alleged bid, which Defendants allegedly restrained by not accepting, "does not fall within this definition." *Id.* "The antitrust laws simply were not designed to regulate this type of corporate power struggle." *Id.*

*Third*, Plaintiff fails to invoke any plausible theory of an antitrust violation. Plaintiff's use of buzzwords like "market allocation," "bid rigging," "concerted refusal to deal," and "group boycott" (Compl. ¶¶ 153–56) are immaterial. Each of these antitrust concepts requires a "horizontal agreement" between competitors. *See, e.g.*, *Ohio v. Am. Express Co.*, 585 U.S. 529,

—7—

540–41 (2018) ("Typically only 'horizontal' restraints—restraints 'imposed by agreement between competitors'—qualify as unreasonable *per se*."). But Plaintiff has not alleged that Defendants and their alleged co-conspirator Oracle are horizontal competitors. To the contrary, the Complaint alleges that Defendants provide a short-form video platform (Compl. ¶ 1), while Oracle is a cloud-storage provider (*id.* ¶ 99). Their relationship, if any, is vertical, not horizontal. *See United States v. Topco Assocs., Inc.*, 405 U.S. 596, 608 (1972) (vertical relationships are those between "persons at different levels of the market structure, e.g., manufacturers and distributors").

*Finally*, because the alleged relationship between ByteDance and Oracle is vertical, not horizontal, the "rule of reason" applies. *See Am. Express Co.*, 585 U.S. at 541 (all restraints that are not *per se* unreasonable are judged by the "rule of reason"). To avoid dismissal at the pleading stage, Plaintiff had to (1) define the market and (2) make "specific factual allegations" of anticompetitive effects. *Jacobs*, 626 F.3d at 1336, 1339. But Plaintiff did neither. Plaintiff does not "present enough information in [its] complaint to plausibly suggest the contours" of a relevant market. *See id.* at 1336. And "[w]ithout a definition of [the] market there is no way to measure [the defendant's] ability to lessen or destroy competition," requiring dismissal. *Am. Express Co.*, 585 U.S. at 543 (quotations omitted). Plaintiff also fails to plead "specific anticompetitive effects," *In re Short Squeeze*, 105 F.4th at 1355, such as "reduction of output, increase in price, or deterioration in quality," *Jacobs*, 626 F.3d at 1339. Plaintiff's only allegation of harm is to its *own* profits and business opportunities. (Compl. ¶ 182).

### B.    Plaintiff's tortious interference claim fails.

Count Two asserts a tortious interference claim. To state a claim for tortious interference with advantageous business relationships under Florida law, a plaintiff must show "(1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the

—8—

tortious interference with that relationship." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quotations omitted). The elements of this claim are substantively similar in Arkansas, California, Delaware, and New York, the other jurisdictions that, from the face of the Complaint, may have a relationship to this claim.[7] Because the laws of those states all point to the same outcome, the Court need not decide which state's law applies. *See, e.g.*, *Davis v. Great N. Ins. Co.*, 650 F. Supp. 3d 1332, 1338 (S.D. Fla. 2023).

Plaintiff fails to state a claim for tortious interference because it has not plausibly alleged the existence of a relevant, specific business relationship under which it had any existing or prospective legal rights. A "speculative allegation regarding a *potential* business relationship is insufficient to support a tortious interference claim." *BWG Design Ltd., Inc. v. Serv. Am. Corp.*, 2010 WL 5014289, at *6 (S.D. Fla. Dec. 3, 2010). While Plaintiff alleges that it had "a reasonable expectation of economic advantage from its bid to acquire TikTok's U.S. operations" from ByteDance (Compl. ¶ 186), that conclusory allegation misconstrues the Aug. 14, 2020 Order, which provided that ByteDance could not complete a divestment of TikTok's U.S. operations to any third party under the Order "(i) until *ByteDance* notifies CFIUS in writing of the intended recipient or buyer." 85 Fed. Reg. 51,297, Sec. 2(d)(i) (emphasis added). *Plaintiff's* alleged notification to CFIUS of its intention to submit an offer had no legal significance—and it certainly did not obligate ByteDance to sell TikTok's U.S. operations to Plaintiff's predecessor. Neither the purported notification nor any other alleged action on the part of Plaintiff afforded it any existing or prospective legal or contractual rights.

---

[7] *See, e.g.*, *Crockett v. C.A.G. Invs., Inc.*, 361 S.W.3d 262, 267 (Ark. 2010); *Malpiede v. Townson*, 780 A.2d 1075, 1099 (Del. 2001); *Crown Imports, LLC v. Sup. Ct.*, 168 Cal. Rptr. 3d 228, 235 (Cal. Ct. App. 2014); *Zetes v. Stephens*, 108 A.D.3d 1014, 1020 (N.Y. App. Div. 2013).

Plaintiff also has not plausibly alleged any cognizable form of interference. Plaintiff's theory is that its predecessor allegedly submitted bids *to Defendants* to buy TikTok's U.S. operations *from Defendants*. (Compl. ¶ 78). Plaintiff contends that Defendants then interfered with those bids by not accepting them. (*Id.* ¶ 189). But Defendants cannot tortiously interfere with their own relationships. *See MAC East, LLC v. Shoney's*, 535 F.3d 1293, 1297 (11th Cir. 2008) ("[A] tortious interference claim can be maintained only when the defendant is independent of or a stranger to the relation or contract with which he allegedly interfered."); *Shekerdemian v. Silverback United Inc.*, 2024 WL 3312036, at *2 (S.D. Fla. June 5, 2024).

### C.   Plaintiff's unjust enrichment claim fails.

Count Three asserts a claim for unjust enrichment. To state a claim for unjust enrichment under Florida law, a plaintiff must show that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[] to retain it without paying the value thereof." *In re Takata Airbag Prod. Liab. Litig.*, 255 F. Supp. 3d 1241, 1261 (S.D. Fla. 2017). These elements do not materially differ between the states that may have a relationship to Plaintiff's claim.[8] For multiple reasons, the Complaint fails to plead unjust enrichment.

*First*, Plaintiff does not plausibly allege that it conferred a benefit on Defendants—*i.e.*, that Defendants were enriched at Plaintiff's expense. Plaintiff alleges that ByteDance received the benefit of "maintaining control over TikTok's U.S. operations … while sidestepping the genuine divestment mandated by the Executive Order." (Compl. ¶¶ 199, 201). But Plaintiff has not alleged, and cannot plausibly allege, that *it* conferred that benefit on ByteDance. *See, e.g.*, *Davis v. Chapon*,

---

[8] *See, e.g.*, *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010); *Hatchell v. Wren*, 211 S.W.3d 516, 522 (Ark. 2005); *Goel v. Ramachandran*, 111 A.D.3d 783, 791 (N.Y. App. Div. 2013); *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Cal. Ct. App. 2008).

2015 WL 10791962, at *5 (M.D. Fla. Aug. 11, 2025) (dismissing unjust enrichment claim for failure to plausibly allege that plaintiff conferred a benefit on defendant). What ultimately allowed ByteDance to maintain control over TikTok's U.S. operations, despite the Aug. 14, 2020 Order, was a legal challenge to the Order brought *by Defendants*, not by Plaintiff. *See* page 5, *supra*.

*Second*, Plaintiff fails to plausibly allege that ByteDance "voluntarily accepted" and "retained" a benefit. *In re Takata Airbag Prod. Liab. Litig.*, 255 F. Supp. 3d at 1261. To the extent that the alleged benefit conferred on Defendants was Greenspan's "strategic briefs" containing "new options and strategies" (Compl. ¶ 201), Plaintiff repeatedly alleges that Defendants *rejected* those strategies (*see, e.g.*, *id.* ¶¶ 144, 189). Indeed, those briefs allegedly advocated for the sale of TikTok's U.S. operations *to Plaintiff*. (*Id.* ¶ 201). Defendants did not accept that advice. Reading the Complaint as a whole, *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005), Plaintiff's claim for unjust enrichment therefore fails. *See, e.g.*, *Mitsui O.S.K. Lines, Ltd. v. Dynasea Corp.*, 85 Cal. Rptr. 2d 1, 4 (Cal. Ct. App. 1999) (defendant "obtained no benefit from the containers it rejected").

## D.    Plaintiff's consumer protection claims fail.

Counts Four and Six assert claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.* ("FDUTPA"). Court Four alleges that ByteDance "falsely portrayed the Oracle partnership as a genuine divestment of TikTok's U.S. operations." (Compl. ¶ 215). Count Six alleges that Defendants unfairly used the "TikTok Global" brand. (*Id.* ¶ 237). To state a claim under FDUTPA, a plaintiff must show "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. Performance Ortho. & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018). A deceptive act or unfair practice is one that, among other things, is likely to mislead or injure consumers. *See id.* (quotations omitted). Plaintiff's FDUTPA claims fail for at least two reasons.

*First*, to state a FDUTPA claim, "a plaintiff must allege that the underlying practice or act was harmful *to a consumer*." *Golden v. Mercury Auto Transp., LLC*, 2024 WL 821361, at *2 (S.D. Fla. Jan. 30, 2024) (emphasis added). But Plaintiff alleges only harm to itself. (Compl. ¶¶ 223–24, 237, 241). And Plaintiff, in this context, is not plausibly a consumer. Rather, Plaintiff alleges that it was a business competitor (*id.* ¶ 162), interested in acquiring a portion of Defendants' business. *See In re Takata Airbag Prods. Liab. Litig.*, 524 F. Supp. 3d 1266, 1293 (S.D. Fla. 2021) (considering a business competitor to be a non-consumer). That alone warrants dismissal. *See Tymar Dist. LLC v. Mitchell Grp. USA, LLC*, 558 F. Supp. 3d 1275, 1290 (S.D. Fla. 2021).

*Second*, "FDUTPA applies only to action that occurred within the state of Florida." *Zarfati v. Artsana USA, Inc.*, 2025 WL 373081, at *12 (S.D. Fla. Jan. 15, 2025) (quotations omitted). Plaintiff does not allege that *any* of Defendants' conduct occurred in Florida. The Complaint concedes that Defendants are not Florida corporations or residents. (Compl. ¶¶ 15–16). Plaintiff's predecessors—which allegedly submitted the bids to Defendants—were not Florida residents either. (*Id.* ¶ 14). The only connection this case has to Florida is the allegation that Plaintiff itself is now a Florida LLC. (*Id.*). But Plaintiff does not allege that it was a Florida LLC in 2020 when the alleged false representations and unfair conduct occurred. And Plaintiff cannot allege that Defendants' conduct was "directed to [Plaintiff] in Florida and that Florida consumers were misled." *Buckley v. Moore*, 2021 WL 3173185, at *9 (S.D. Fla. July 26, 2021). Thus, Plaintiff's FDUTPA claims fail. *See W.W. Sports Importadora Exportadora e Comercial Ltda v. BPI Sports, LLC*, 2016 WL 9375202, at *5 (S.D. Fla. Aug. 11, 2016) (dismissing FDUTPA claim against "non-resident defendant accused of no wrongful conduct in Florida").

### E.     Plaintiff's RICO claims fail.

Counts Seven and Eight assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), based on a series of vague and conclusory

—12—

allegations concerning what Plaintiff calls (but does not define) the "Z-BOT RICO Enterprise." (*See, e.g.*, Compl. ¶¶ 53–77). Count Nine asserts the same claim under Florida's RICO analogue.

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). If there is no substantive RICO violation, there is no conspiracy. *See Jackson*, 372 F.3d at 1269. And if there is no violation of federal RICO, there is no violation of Florida RICO. *See All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 (11th Cir. 1998) ("Florida's RICO statutes have consistently been interpreted using federal RICO claim cases."). Plaintiffs' RICO claims fail for several reasons.

*First,* Plaintiff does not plausibly allege the existence of an "enterprise." A RICO plaintiff asserting an association-in-fact enterprise (Compl. ¶ 54) must allege that the participants of the enterprise "shared a fraudulent or otherwise criminal common purpose." *DJ Lincoln Ents., Inc. v. Google, LLC*, 2021 WL 3079855, at *2 (S.D. Fla. July 21, 2021); *see also Cisneros*, 972 F.3d at 1211. Plaintiff does not do so. Especially as to the alleged non-party participants, Plaintiff alleges only "innocuous conduct that does not itself demonstrate a fraudulent purpose." *DJ Lincoln Ents., Inc.*, 2021 WL 3079855, at *2. And Defendants cannot form a RICO enterprise on their own. *See, e.g.*, *Berber v. Wells Fargo Bank, N.A.*, 2018 WL 10436236, at *4 (S.D. Fla. May 24, 2018) (parent company and subsidiaries cannot form RICO enterprise "unless there is some suggestion that the vehicle of corporate separateness was deliberately used to facilitate unlawful activity").

*Second*, Plaintiff fails to allege a "pattern" of unlawful activity. To plead a "pattern," a plaintiff must allege a series of related predicates "extending over a substantial period of time" or

—13—

predicate acts that by their nature "project[] into the future with a threat of repetition." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241–42 (1989). A "substantial period of time" is measured in years, not weeks. *Cisneros*, 972 F.3d at 1216. But the relevant acts complained of in the Complaint all took place in September 2020. And there is no real "threat of repetition." Defendants' alleged efforts to avoid divestment under a Presidential order that is no longer being enforced, *see* page 5, *supra*, is "by its very nature a singular event," *Ubuy Holdings, Inc. v. Gladstone*, 340 F. Supp. 2d 1343, 1349 (S.D. Fla. 2004).

*Third*, Plaintiff does not plausibly allege any predicate "racketeering activity." RICO defines "racketeering activity" as indictable acts under enumerated state and federal crimes. *See* 18 U.S.C. § 1961(1); *see also* Fla. Stat. § 895.02(8). Although Plaintiff refers to mail and wire fraud, theft of trade secrets, economic espionage, bribery, and state fraud-based crimes (Compl. ¶¶ 86–87, 246, 259–62), Plaintiff does not plead "enough facts with respect to each predicate act to make it independently indictable as a crime." *Cisneros*, 972 F.3d at 1215.

RICO claims predicated on fraud "must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard." *Am Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *see also Wardak v. Goolden*, 2020 WL 9718811, at *6 (S.D. Fla. May 22, 2020) (requiring Rule 9(b)'s heightened pleading standard for alleged state fraud predicates). Here, the Complaint "contains a litany of alleged wrongdoing; it lacks, however, any specific descriptions of allegedly fraudulent statements, documents or misrepresentations or the specific defendant(s) responsible for them." *Drummond v. Zimmerman*, 454 F. Supp. 3d 1210, 1218 (S.D. Fla. 2020). The Complaint includes only vague allegations of misrepresentations: Defendants' alleged "false[] portray[al]" of the Oracle partnership as a divestment of TikTok's U.S. operations (Compl. ¶ 215), and Defendants'

—14—

alleged "deceitful statements and omissions" about "TikTok Global" (*id.* ¶¶ 259–61). These conclusory allegations are plainly insufficient to support an indictment of mail fraud, wire fraud, or any of the state crimes alleged. *See Wardak*, 2020 WL 9718811, at *8 ("they are merely conclusory statements that fail to set out criminal acts"). They are also "wildly implausible." *Miller*, 541 F.3d at 1100. For example, *Defendants* did not "falsely personate" *Plaintiff*—or commit any other form of fraud—merely by using the phrase "TikTok Global" in a blog post or in the press. *See* Fla. Stat. § 817.02.

The Complaint likewise fails to plead theft of trade secrets or economic espionage. For information to be a "trade secret," the owner of the information must take "reasonable measures to keep such information secret." 18 U.S.C. § 1839(3). Even if Plaintiff views its "offers" and "strategy guide" as trade secrets (Compl. ¶¶ 74, 103–05), Plaintiff does not allege that it took *any* measures to keep such information secret. To the contrary, the Complaint alleges that Greenspan shared his plans to acquire TikTok's U.S. operations with the press, members of Congress, and others. (*Id.* ¶¶ 113, 116, 131; *id.* Ex. 6, 7, 12). And there is no allegation that Defendants intended or knew that use of Plaintiff's purported "offers" or "strategy guide" would benefit foreign actors to support an economic espionage claim. *See* 18 U.S.C. §§ 1831, 1839(1)–(2).

The Complaint also fails to plead bribery. Plaintiff's patently false allegation based on an Internet rumor that ByteDance is "paying bribes" by buying "Trump Coins" (Compl. ¶ 157) is "the barest of conclusory allegations," *Jackson*, 372 F.3d at 1271, that this Court must disregard, *see Iqbal*, 556 U.S. at 681.

*Fourth*, Plaintiff does not plausibly allege an injury to its business or property. As demonstrated above, it is implausible that Plaintiff would have been able to acquire TikTok's U.S. operations from Defendants but for the challenged conduct. *See* pages 4–5, *supra*. "[S]peculative

—15—

allegations of economic injury are insufficient to state an injury to business or property under RICO." *Klayman v. Clinton*, 2015 WL 10857500, at *6 (S.D. Fla. Aug. 11, 2015).

*Fifth*, for that same reason, Plaintiff does not plausibly allege causation. A RICO plaintiff must "plead facts sufficient to give rise to a reasonable inference that the claimed racketeering activity … was the but-for and proximate cause of the plaintiff's injuries." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016). "The connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect." *Id.* In this case, it is all three.

*Sixth*, because Plaintiff has not alleged a cognizable RICO violation, the RICO conspiracy claim—Count Eight—fails. *See, e.g.*, *Jackson*, 372 F.3d at 1269 ("We have already found that the complaint failed to state a substantive RICO claim, and the RICO conspiracy adds nothing. It simply concludes that the defendants 'conspired and confederated' to commit conduct which in itself does not constitute a RICO violation.").

*Finally*, Plaintiff's Florida RICO claim—Count Nine—fails for the additional, independent reason that Plaintiff alleges no criminal activity in Florida. "Because Florida RICO lacks extraterritorial application, a valid claim under that statute must be predicated on Florida criminal activity." *Starks v. Chuhak & Tecson, P.C.*, 2019 WL 10060338, *3 (S.D. Fla. Mar. 5, 2019). Plaintiff does not allege that any of Defendants' conduct took place in whole or in part in Florida. *See* page 12, *supra*; *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 681–83 (11th Cir. 2014) (affirming dismissal of Florida RICO claim when plaintiff failed to allege connection between Florida and the asserted criminal activity).

### F. Plaintiff's request for declaratory relief fails.

Court Five seeks declaratory relief. Plaintiff asks the Court to declare: (i) that Plaintiff's predecessor's purported offers from 2020 to buy TikTok's U.S. operations "comply with the requirements" of PAFACA and the Aug. 14, 2020 Order; (ii) that ByteDance must divest TikTok's

U.S. operations in accordance with PAFACA and the Aug. 14, 2020 Order; and (iii) that Plaintiff has the right to TikTok's U.S. operations. (Compl. ¶ 234).

Even if a justiciable controversy existed, Plaintiff's request for declaratory relief fails. "Declaratory relief is a procedural device which depends on an underlying substantive cause of action and cannot stand on its own." *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019). Neither PAFACA nor the Aug. 14, 2020 Order authorizes a cause of action. PAFACA vests exclusive enforcement authority in the Attorney General. *See* Pub. L. 118–50, div. H, 138 Stat. 955, Sec. 2(d). And any "petition for review challenging [PAFACA] or any action, finding, or determination under [PAFACA] may be filed only" in the D.C. Circuit. *Id.* Sec. 3(a). As the President's recent executive orders concerning TikTok make clear, "attempted enforcement [of PAFACA] by … private parties represents encroachment on the powers of the Executive." Exec. Order No. 14310, 90 Fed. Reg. 26,913 (June 24, 2025), Sec. 1(d). The Aug. 14, 2020 Order likewise provides no mechanism for a private party to enforce its commands. *See* 85 Fed. Reg. 51,297, Sec. (h)(i); *see also Durr v. Strickland*, 602 F.3d 788, 789 (6th Cir. 2010) (plaintiff not entitled to declaratory relief under statute that provided no private right of action).

Even if there were an underlying cause of action that could entitle Plaintiff to substantive relief, Plaintiff's request for declaratory relief would fail on the merits. Plaintiff did not "comply" with the Aug. 14, 2020 Order because there is nothing in the Order with which Plaintiff *could* comply. *See* page 5, *supra*. And this Court cannot determine whether Plaintiff's alleged offers would "comply with the requirements of" PAFACA because PAFACA vests "qualified divestiture" determinations with *the President*. 138 Stat. 955, Sec. 2(g)(6).

—17—

## III.    Plaintiff's Claims Are Time-Barred.

Dismissal is appropriate on statute-of-limitations grounds "if it is apparent from the face of the complaint that the claim is time-barred." *Blessinger v. Aecom*, 526 F. Supp. 3d 1319, 1324 (S.D. Fla. 2021) (quotations omitted).

For all but Plaintiff's deficient Florida RICO claim, the statute of limitations is four years, at most.[9] *See Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 827 (11th Cir. 1999) (Clayton Act, governing private Sherman Act actions); *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1380 (11th Cir. 1997) (federal RICO); *Newer v. FCA US LLC*, 552 F. Supp. 3d 1344, 1363 (S.D. Fla. 2021) (FDUTPA and unjust enrichment); *MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*, 2009 WL 701003, at *2 (S.D. Fla. Mar., 16, 2009) (tortious interference).

Even if Plaintiff had stated a claim for relief, that claim would have accrued in September 2020, more than four years ago. Plaintiff's antitrust claim would have accrued in September 2020 when ByteDance and Oracle allegedly conspired to suppress Plaintiff's bid to buy TikTok's U.S. operations (Compl. ¶ 162). *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) (antitrust claim accrues "when a defendant commits an act that injures a plaintiff's business"). Plaintiff's conclusory allegation that ByteDance's "continued refusal to divest" constitutes an "ongoing violation" (Compl. ¶ 184) is beside the point: "even when a plaintiff alleges a continuing violation, an overt act by the defendant is required to restart the statute of limitations and the statute runs from the last overt act." *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987).

---

[9] Plaintiff's deficient claim for declaratory relief is considered "procedural" and does not have its own statute of limitations; "it is the substantive right sued upon that governs the applicable limitations period." *Padilla*, 391 F. Supp. 3d at 1119–20. The statute of limitations for Plaintiff's deficient Florida RICO claim is five years. *See Spadaro v. City of Miramar*, 2013 WL 495780, at *29 (S.D. Fla. Feb. 7, 2013).

Plaintiff's tortious interference claim would have accrued no later than September 2020 when ByteDance allegedly "engaged in deliberate acts of interference" with Plaintiff's attempted bid (Compl. ¶ 189).[10] *See Effs v. Sony Pictures Home Ent., Inc.*, 197 So.3d 1243, 1244–45 (Fla. Dist. Ct. App. 2016) (tortious interference claim accrued when plaintiff learned of alleged interference, and continuing tort doctrine did not apply).[11] Plaintiff's unjust enrichment claim would have accrued no later than September 2020 when ByteDance allegedly received the benefit of "maintaining control over TikTok's U.S. operations" by "dismissing [Plaintiff's] legitimate acquisition proposals." (Compl. ¶¶ 199, 201).[12] *See Flatirons Bank v. Alan W. Steinberg Ltd. P'ship*, 233 So.3d 1207, 1213 (Fla. Dist. Ct. App. 2017) ("The statute of limitations for an unjust enrichment claim begins to run at the time the alleged benefit is conferred and received by the defendant.").[13] Plaintiff's FDUTPA claims would have accrued in September 2020 when ByteDance allegedly caused Plaintiff damages by allegedly misrepresenting the Oracle partnership and "misappropriat[ing]" the "TikTok Global" name (Compl. ¶¶ 215, 237). *See Sundance*

---

[10] Tortious interference has a three-year statute of limitations in Arkansas, Delaware, and New York, and two-year statute of limitations in California. *See Gunn v. Farmers Ins. Exch.*, 372 S.W.3d 346, 352 (Ark. 2010); *SmithKline Beecham v. Merck & Co.*, 766 A.2d 442, 450 (Del. 2000); *Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 225 (S.D.N.Y. 2013); *Optronic Techs. v. Celestron Acquisition, LLC*, 329 Cal. Rptr. 3d 714, 729 (Cal. Ct. App. 2025).

[11] *Accord Progressive Sterilization, LLC v. Turbett Surg. LLC*, 2020 WL 1849709, at *3 (D. Del. Apr. 13, 2020); *Mtn Home Flight Serv., Inc. v. Baxter Cnty*, 2012 WL 2339722, at *4 (W.D. Ark. June 19, 2012); *Boon Rawd Trading Int'l Co., v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 952 (N.D. Cal. 2010); *Andrew Greenberg, Inc. v. Svane, Inc.*, 36 A.D.3d 1094, 1099 (N.Y. 2007).

[12] Unjust enrichment has a three-year statute of limitations in Arkansas, Delaware, and New York (for money damages) and two years in California. *See Keller v. FCOA, LLC*, 2016 WL 110590, at *1 (W.D. Ark. Jan. 8, 2016); *MirTech Inc. v. AgroFresh Inc.*, 561 F. Supp. 3d 447, 455 (D. Del. 2021); *Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013); *City of L.A. v. Bank of Am.*, 2015 WL 4880511, at *3 (C.D. Cal. May 11, 2015).

[13] *Accord Davis v. BAC Home Loans Servicing, L.P.*, 2022 WL 4535623, at *5 (D. Del. Sept. 28, 2022); *Hampton v. Wells Fargo Bank, N.A.*, 2022 WL 798120, at *11 n.218 (E.D. Ark. Mar. 15, 2022); *Deutsch v. Cook*, 2021 WL 5771667, at *3 (E.D. Cal. Dec. 6, 2021); *L.I. Head Start Child Dev. Servs. v. Econ Opp'y Comm'n of Nassau Cnty*, 558 F. Supp. 2d 378, 409 (E.D.N.Y. 2008).

*Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (FDUTPA claim accrues when all elements of claim have occurred). And Plaintiff's RICO claims would have accrued in September 2020 when Plaintiff's predecessor was allegedly injured as a result of its inability to acquire TikTok's U.S. operations (Compl. ¶ 248). *See Maiz v. Virani*, 253 F.3d 641, 676 (11th Cir. 2001) ("[T]he limitations period for a civil RICO action begins to run when the injury was or should have been discovered.").

## IV.   Plaintiff's Complaint Should Be Dismissed With Prejudice.

This case should be dismissed with prejudice. Plaintiff has already amended its complaint twice in response to Defendants' motions to dismiss. If Plaintiff "could have alleged viable claims against" Defendants, it "already would have done so." *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1347 (11th Cir. 2017) (affirming dismissal with prejudice after three pleading attempts); *see also Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016) ("counseled plaintiff" not entitled to "more than one opportunity to amend a deficient pleading"). There is no reason why this vexatious litigant should be given leave to amend further. *See, e.g.*, *Hogan v. Georgia*, 812 F. App'x 975, 976 (11th Cir. 2020) (affirming dismissal with prejudice when plaintiff alleged a "vast conspiracy" that was "wildly implausible" and "patently frivolous").

## CONCLUSION

The Court should dismiss Plaintiff's Complaint with prejudice—for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

—20—

August 6, 2025                          Respectfully submitted,


                                        *s/Spencer Silverglate*_____
                                        Spencer Silverglate (Florida Bar No. 769223)
                                        Megan Thermes (Florida Bar. No. 1058575)
                                        CLARKE SILVERGLATE, P.A.
                                        5301 Blue Lagoon Drive, 9th Floor
                                        Miami, FL 33126
                                        Phone: 305-347-1557
                                        Facsimile: 305-377-3001
                                        ssilverglate@cspalaw.com
                                        mthermes@cspalaw.com

                                        Benjamin C. Block*
                                        Noah H. Resnick*
                                        COVINGTON & BURLING LLP
                                        850 Tenth Street NW
                                        Washington, DC 20001
                                        Phone: 202-662-6000
                                        Facsimile: 202-778-6000
                                        bblock@cov.com
                                        nresnick@cov.com
                                        *Admitted Pro Hac Vice*

                                        *Attorneys for Defendants, ByteDance Ltd. and TikTok Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all parties that have appeared in this action.

*s/Spencer Silverglate*
Spencer Silverglate