UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-23147-AHS

TIKTOK GLOBAL LLC,

    Plaintiff,

vs.

BYTEDANCE LTD., BEIJING
TELECOMMUNICATIONS CO. LTD.,
TIKTOK INC. and YIMING ZHANG,

    Defendants.
_____/

**UNOPPOSED MOTION TO EXTEND INITIAL DEADLINES AND
TO STAY DISCOVERY PENDING ADJUDICATION OF MOTION TO DISMISS**

Defendants ByteDance Ltd. and TikTok Inc. move to extend the initial deadlines required by Federal Rule of Civil Procedure 26(a)(1) and Local Rule 16.1 and to stay discovery until the Court rules on their case dispositive motion to dismiss [D.E. 17]—or, if Plaintiff files another amended complaint, until the Court rules on a renewed motion to dismiss.

The Court previously granted Defendants' unopposed motion to stay discovery pending resolution of their motion to dismiss. *See TikTok Global LLC v. ByteDance*, No. 0:25-cv-60645-AHS, D.E. 24 (May 16, 2025). After the Court did so, and in response to Defendants' motion to dismiss, Plaintiff filed an amended complaint. *See id.* D.E. 25 (May 19, 2025). Defendants again moved to dismiss, *see id.* D.E. 28 (June 2, 2025), and, in response, Plaintiff voluntarily dismissed the case, *see id.* D.E. 29 (June 16, 2025). Plaintiff then re-filed its complaint here, D.E. 1, and Defendants filed a third motion to dismiss, D.E. 17. The parties agree that a stay of initial deadlines and discovery would be appropriate until the parties' motion-to-dismiss practice runs its course. Plaintiff consents to the requested relief.

## ARGUMENT

Federal Rule of Civil Procedure 6(b) allows the Court to extend pretrial deadlines for good cause shown. Likewise, Federal Rule of Civil Procedure 26(c)(1)(A) permits the Court to stay discovery "for good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See also Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("A court may stay discovery pursuant to Rule 26(c) if there is good cause, such as the elimination of unnecessary expenditures of time, money, and other resources.") (internal quotation marks omitted).

The Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss … should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The Court of Appeals has explained that resolving a motion to dismiss before discovery begins saves the parties and the courts unnecessary costs:

> If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

*Id.* at 1368. Following *Chudasama*, courts within this Circuit, including this Court, routinely stay discovery pending decisions on motions to dismiss.[1]

---

[1] *See, e.g.*, *Carter v. DeKalb Cty.*, 521 F. App'x. 725, 728 (11th Cir. 2013); *Moore v. Potter*, 141 F. App'x 803, 807–08 (11th Circ. 2005); *Barker v. Capital One, N.A.*, 2025 WL 325539, at *2 (S.D. Fla. Jan. 29, 2025); *Dry Tech 24/7, Inc. v. Clorox Co.*, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022); *SandP Solutions, Inc. v. The Silver Logic, LLC*, 2021 WL 9347080, at *2 (S.D. Fla. Nov. 1, 2021); *Guarisma v. Microsoft Corp.*, 2016 WL 9526468, at *2 (S.D. Fla. Feb. 8, 2016); *Moore v. Shands Jacksonville Med. Ctr., Inc.*, 2009 WL 4899400, at *1–2 (M.D. Fla. Dec. 11,

There is good cause to extend initial deadlines and to stay discovery, and no party will suffer any prejudice from doing so. *See Ofer v. Millan*, 2024 WL 4273270, at *4 (S.D. Fla. Sept. 24, 2024) (when "any one of [defendant's] arguments has the potential to be truly case dispositive, a stay of discovery is warranted"); *Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) ("[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action.").

The logic of staying discovery applies equally to initial Rule 26 disclosures and Local Rule 16.1 compliance, which requires the parties to serve initial disclosures, conduct a discovery conference, file a joint scheduling report, and file a joint discovery plan. *See Taylor v. R.J. Reynolds Tobacco Co.*, 2010 WL 11506080, at *1 (S.D. Fla. Mar. 5, 2010) (staying discovery and Local Rule 16.1 compliance pending resolution of motion to dismiss); *see also Ellis v. Equifax Info. Serv., LLC*, 2019 WL 11343553, at *1 (N.D. Ga. May 9, 2019) (same with regard to similar local rule).

An extension of initial deadlines and discovery pending resolution of Defendants' motion to dismiss will not prejudice any party. Plaintiff consents to the requested relief. Neither party has engaged in discovery to date, and no scheduling order has been issued. *See Reel Games, Inc. v. Euro Game Tech., Ltd.*, 2025 WL 857774, at *1 (S.D. Fla. Feb. 11, 2025) ("A stay of discovery now would not prejudice Plaintiff's ability and timing to conduct any necessary discovery later."); *Signature Sys., LLC v. Am. Ex. Co.*, 2018 WL 6963904, at *2 (S.D. Fla. May 9, 2018) ("[T]his case … is really in its infancy: no discovery has occurred, no scheduling order has been entered, and the pleadings remain open.").

---

2009); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008); *In re Managed Care Litig.*, 2001 WL 664391, at * 3 (S.D. Fla. June 12, 2001).

## CONCLUSION

Defendants ByteDance Ltd. and TikTok Inc. respectfully submit that extending initial deadlines and staying discovery pending a ruling on their motion to dismiss will further the goals of securing the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, with no corresponding prejudice to Plaintiff.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Defendants' counsel certifies that, on August 6, 2025, they conferred with Plaintiff's counsel by e-mail regarding a stay of the case scheduling conference, case management order, initial disclosures, and discovery until the parties' motion to dismiss practice runs its course. Plaintiff's counsel responded that he agreed to an extension of these deadlines.

August 8, 2025

Respectfully submitted,

*s/Spencer Silverglate*
Spencer Silverglate (Florida Bar No. 769223)
Megan Thermes (Florida Bar. No. 1058575)
CLARKE SILVERGLATE, P.A.
5301 Blue Lagoon Drive, 9th Floor
Miami, FL 33126
Phone: 305-347-1557
Facsimile: 305-377-3001
ssilverglate@cspalaw.com
mthermes@cspalaw.com

Benjamin C. Block*
Noah H. Resnick*
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Phone: 202-662-6000
Facsimile: 202-778-6000
bblock@cov.com
nresnick@cov.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants, ByteDance Ltd. and TikTok Inc*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all parties that have appeared in this action.

*s/Spencer Silverglate*
Spencer Silverglate
