UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23147-CIV-SINGHAL

TIKTOK GLOBAL LLC, a Florida limited liability company,

    Plaintiff,

v.

BYTEDANCE LTD. et al.

    Defendants.

_____/

FILED BY ___ D.C.

SEP 30 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Brad Greenspan
Authorized Representative TikTok Global LLC
244 5th Ave
#g290
New York, NY 10001
646-664-1229
Tiktokglobalnetwork.com@nym.hush.com

September 29, 2025
The Honorable Raag Singhal
United States District Judge
United States District Court
Southern District of Florida
299 E. Broward Blvd.
Fort Lauderdale, FL 33301

Re: TikTok Global LLC v. ByteDance Ltd. et al.
Case No. 25-23147-CIV-SINGHAL
Plaintiff's Pro Se Request for 30-Day Extension

Dear Judge Singhal:

I write as Plaintiff TikTok Global LLC, currently without legal representation, to respectfully request a 30-day extension of the deadlines established in Your Honor's Order dated August 28, 2025 (DE 27). Specifically, I request an extension of: (1) the September 29, 2025 deadline to obtain new counsel and file a Notice of Appearance; and (2) the October 13, 2025 deadline to respond to Defendants' Motion to Dismiss (DE 17).

**Basis for Request: Material Recent Developments**

1

Within the past five days, unprecedented developments regarding TikTok's U.S. operations have emerged that fundamentally alter the legal and strategic landscape of this case. These developments have created substantial complications in both securing appropriate counsel and preparing an amended complaint that accurately reflects the rapidly evolving circumstances.

**Recent Material News (September 25, 2025)**

**1. September 25, 2025 - Executive Order on Qualified Divestiture**
President Trump signed a comprehensive Executive Order determining that a proposed divestiture framework constitutes a "qualified divestiture" under federal law. The order establishes:

- A new joint venture structure for TikTok's U.S. operations
- ByteDance's ownership stake limited to less than 20%
- American control of algorithm operations and data storage
- A $14 billion valuation for the new entity

*See Trump approves TikTok deal through executive order at $14 billion,* CNBC (Sept. 25, 2025), https://www.cnbc.com/2025/09/25/trump-approves-tiktok-deal-through-executive-order.html.

**2. September 25, 2025 - Identification of Investor Consortium**
The White House and media sources identified multiple major investors, including Oracle Corporation, Silver Lake, MGX (Abu Dhabi), and potentially Rupert Murdoch, Michael Dell, and existing ByteDance investors, with Oracle and Silver Lake controlling approximately 45% of the new entity. *See Trump TikTok deal: Who might own the app and how would it work?, BBC News* (Sept. 25, 2025), https://www.bbc.com/news/articles/clyng762q4eo.

**Impact on Counsel Retention and Pleading Strategy**

These developments have created extraordinary complications:

**1. Counsel Specialization Requirements**
The transaction framework announced on September 25 involves complex issues of:

- CFIUS (Committee on Foreign Investment in the United States) oversight
- National security law and the Protecting Americans from Foreign Adversary Controlled Applications Act
- Algorithm and data governance structures

Multiple prospective counsel have indicated they require additional time to assess whether they possess the requisite expertise in these highly specialized areas, particularly given the unprecedented nature of a court-ordered divestiture being addressed through Executive Order.

### 2. Pleading Amendments Necessitated by Transaction Structure

The Executive Order's framework fundamentally alters key facts underlying our complaint:

- ByteDance's ownership interest is being reduced to less than 20%
- New joint venture governance structure with 6 of 7 board seats held by Americans
- Algorithm control transferring to U.S. entities
- Data storage arrangements with Oracle as "trusted security partner"
- 120-day implementation timeline that overlaps with current case deadlines

Any response to the Motion to Dismiss or amended complaint filed without incorporating these material changes would be immediately obsolete and potentially misleading to the Court.

### Good Faith Basis and Absence of Prejudice

I make this request in good faith and not for purposes of delay. The requested extension will:

> 1. Allow sufficient time to engage counsel with appropriate expertise in national security law, CFIUS proceedings, and complex cross-border transactions
>
> 2. Enable preparation of pleadings that accurately reflect the current transaction framework
>
> 3. Prevent wasteful litigation on issues that may be mooted by the ongoing transaction
>
> 4. Serve judicial economy by avoiding multiple amendments as the transaction progresses

Defendants will not be prejudiced by this brief extension, as:

- The underlying dispute involves ongoing corporate restructuring that will take months to complete

- The 120-day implementation period established by the Executive Order extends well beyond the requested extension period

- Accurate pleadings reflecting current circumstances benefit all parties

### Request for Relief

Based on the foregoing material developments occurring entirely within the past fifteen days, Plaintiff respectfully requests:

       1.      Extension of the deadline to obtain new counsel and file a Notice of Appearance from September 29, 2025 to October 29, 2025

       2.      Extension of the deadline to respond to Defendants' Motion to Dismiss from October 13, 2025 to November 12, 2025

I acknowledge the Court's prior warnings regarding the consequences of non-compliance (DE 27, ¶¶ 6-7) and assure the Court that with this extension, Plaintiff will comply with all deadlines.

Thank you for your consideration of this request necessitated by extraordinary and rapidly evolving circumstances beyond Plaintiff's control.

Respectfully submitted,

**/s/ Brad Greenspan**
Brad Greenspan

Authorized Representative of TikTok Global LLC
Acting Pro Se

Certificate of Service
I hereby certify that on September 29, 2025, I sent a copy of this letter to the defendant's counsel by first class mail.

Spencer Silverglate

CLARKE SILVERGLATE, P.A.
5301 Blue Lagoon Drive, 9th Floor
Miami, FL 33126
Phone: 305-347-1557
Facsimile: 305-377-3001
ssilverglate@cspalaw.com


I declare under penalty of perjury that the foregoing is true and correct.

/s/ Brad Greenspan
Brad Greenspan

